**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 3 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAYMOND BAILEY,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>R. MEJIA; J. MARTINEZ; D. HICKS; J. CABALLOS; DeLa FOX; WILSON; PHILLIPS, Warden; CORTEZ, Nurse; JANE DOE, Nurse,<br><br>　　　　Defendants - Appellees. | No. 24-4922<br><br>D.C. No. 1:23-cv-01631-JLT-EPG<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted July 29, 2026**

Before:    McKEOWN, TALLMAN, and MENDOZA, JR., Circuit Judges.

California state prisoner Raymond Bailey appeals pro se from the district

court's post-judgment order in his 42 U.S.C. § 1983 action alleging constitutional

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violations by prison staff. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Because Bailey fails to address in his opening brief the district court's denial of Bailey's motion for reconsideration, we do not consider that decision. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (explaining that "we will not consider any claims that were not actually argued in appellant's opening brief"); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992) (noting that issues not supported by argument in pro se appellant's opening brief are deemed abandoned).

To the extent Bailey challenges the district court's dismissal, we lack jurisdiction to consider the dismissal because Bailey did not timely appeal from that judgment. *See* Fed. R. App. P. 4(a) (establishing that a notice of appeal must be filed within 30 days of the entry of judgment); *Tillman v. Ass'n of Apartment Owners of Ewa Apartments*, 234 F.3d 1087, 1089 (9th Cir. 2000) (explaining that this court "lacks jurisdiction to decide an appeal if the notice of appeal is not timely filed"); *Fiester v. Turner*, 783 F.2d 1474, 1475 (9th Cir. 1986) (explaining that "[a]n untimely motion for reconsideration does not suspend the time to appeal from the judgment").

Bailey's motion (Docket Entry No. 4) for judicial notice is denied.

**AFFIRMED.**